UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TONY WOLFE,

    Petitioner,                                               Civil Action No. 3:14-CV-1575

vs.                                                            HON. BERNARD A. FRIEDMAN

BRUCE WESTBROOKS,

    Respondent.
_____/

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

In this matter, petitioner Tony Wolfe has filed an application for a writ of habeas corpus. Magistrate Judge Barbara Holmes has submitted a report and recommendation ("R&R") in which she recommends that the Court deny the application. Petitioner has filed timely objections to which respondent has not responded.

Under Fed. R. Civ. P. 72(b)(3), the Court must review *de novo* those portions of the R&R to which petitioner properly objects. In this case, petitioner objects to just one aspect of the R&R, namely, the analysis of his claim that his trial attorney

> was ineffective pretrial for failing to have a forensic mental evaluation conducted of Wolfe. A forensic evaluation would have diagnosed Wolfe with PTSD stemming from the 1997 shooting, and would have been critical evidence that both (a) supported his claim of self-defense, and (b) tended to negate the claim of premeditated first degree murder. Simply by negating the premeditation element, a forensic evaluation could have established that Mr. Wolfe was not guilty of First Degree Murder and prevented this conviction.

Am. Pet. at 8 ¶ 1. As further articulated in his memorandum in support of his motion to amend, petitioner's argument is that

> [i]f a forensic psychologist had diagnosed Wolfe with the PTSD prior to trial, evidence could have been presented that Wolfe suffered from an undiagnosed, untreated mental health disorder which impaired his judgment and perception and could have caused a fear-based overreaction to the situation. . . . Clearly, the evidence of Mr. Wolfe's PTSD as well as the fact that Mr. Wolfe was not receiving treatment or medications on September 11, 2004 would have tended to negate the premeditation element, rendering Wolfe innocent of First Degree Murder.

Pet'r's Mem. in Supp. of Mot. to Am. Pet. (docket entry 18) (PageID 2615-16).

Petitioner appears to concede, as the magistrate judge correctly found at pages 13-14 of her R&R, that this claim has been procedurally defaulted and, further, that he has not shown cause for the default. Under these circumstances – as petitioner appears to concede as well – the claim may proceed despite this procedural bar only if petitioner "show[s] that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Further, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* at 324.

Citing case authority from the Sixth Circuit and this district, the magistrate judge rejected petitioner's failure-to-evaluate claim on the grounds that "it attacks the legal sufficiency of [petitioner's] conviction and fails to show his actual, or factual, innocence of killing his victim." R&R at 14-15. Citing case authority from other circuits, petitioner argues he may demonstrate his actual innocence of murder by showing that he lacked the requisite *mens rea*, a showing he alleges

2

he might have succeeded in making if his attorney had had him psychologically evaluated, as such an evaluation would have enabled him to prove that he suffered from PTSD and did not kill his victim with premeditation

The Court overrules petitioner's objection. The relevant case authority solidly supports the magistrate judge's view that in this circuit a habeas petitioner may not show his "actual innocence" under *Schlup* by presenting new evidence that might have led a jury to convict him of a lesser offense. In *Harvey v. Jones*, 179 F. App'x 294, 298 (6th Cir. 2006), the Sixth Circuit found that petitioner could not avail himself of *Schlup*'s actual innocence exception because his challenge was based on allegedly defective jury instructions, not "new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," and that he therefore was claiming, at most, "legal innocence," not "actual innocence." *Harvey* cited approvingly the Tenth Circuit's statement in *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000), that the petitioner in that case did not show actual innocence by admitting to killing his victim but "claim[ing] he is not guilty of first degree murder because he was intoxicated and acted in self defense," as "these arguments go to legal innocence, as opposed to factual innocence." Further, this Court, in *Robinson v. Morrow*, No. 08-cv-00235, 2015 WL 5773422, at *18 (M.D. Tenn. Sept. 30, 2015), cited extensive case authority for the proposition that "a petitioner does not establish actual innocence by asserting that new evidence shows he is guilty only of a lesser degree of homicide." The Court agrees with the magistrate judge's decision to follow *Harvey*, *Beavers*, and *Robinson*, and the cases cited therein. Petitioner's objections lack merit for this reason alone.

Even if the Court accepted petitioner's argument that new evidence of his mental condition could, in theory, be presented to show that he lacked the *mens rea* to commit first degree

3

murder, the Court would find his offer of proof to be insufficient under *Schlup*. The crime of which petitioner was convicted took place in September 2004. Petitioner was first diagnosed with PTSD more than ten years later, in December 2014, by a prison psychologist. *See* Pet'r's Mem. in Supp. of Mot. to Am. Pet. (docket entry 18), Ex. B (PageID 2631). In February 2016, petitioner's habeas attorney had petitioner evaluated by an outside psychologist, Dr. Pamela Auble, who likewise diagnosed PTSD. *See* Pet'r's Mot. to Lift Stay (docket entry 29), Ex. B (PageID 2728). Based on psychological testing, interviews with petitioner and petitioner's mother, and her review of court records, Dr. Auble opined that

> from the evidence presented at trial, the three men were not trying to kill him, they were not armed, and they did not shoot at Mr. Wolfe. If this was the reality of the situation, then Mr. Wolfe's post traumatic stress disorder distorted his perception of what was happening on the night of the offense into an attempt on his life. This is consistent with the personality testing which showed Mr. Wolfe to be extremely anxious, unable to cope with the unexpected, prone to believe that others were going to harm him, and likely to lash out when he felt threatened. Mr. Wolfe's psychological state was dominated by his severe post traumatic stress disorder, and he perceived that he was in a scenario in which he was about to be killed. Thus, his actions at the time were the result of his mental illness and were the product of excitement and passion rather than being the product of reflection and judgment.

*Id.*, PageID 2729.

Neither the December 2014 report nor the February 2016 report constitutes "new reliable evidence," *Schlup*, 513 U.S. at 324, that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. The fact that petitioner was diagnosed with PTSD in 2014 and 2016 does not show that he had this disorder when he shot the victim in 2004, and one can only speculate as to petitioner's mental condition at that time. The

4

speculative nature of petitioner's claim is further magnified given that he asserts that his PTSD "stem[s] from the 1997 shooting," Am. Pet. at 8 ¶ 1, i.e., an event that occurred seven years before the killing of which he was convicted. Even assuming that petitioner suffered from PTSD in 2004, and that he had been so diagnosed before his trial, he has not shown that "no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. The specific element petitioner argues he could have cast doubt upon is premeditation, but the Court deems it highly unlikely that jurors would have had any difficulty finding that the prosecutor proved this element beyond a reasonable doubt, even if they had been presented with a psychological evaluation similar to that of Dr. Auble's. Prosecution witnesses testified that petitioner stood outside of a convenience store, waiting for the victim, Hawkins, to come out. When Hawkins did so, petitioner shot him in the leg and then "walked over to the victim, who was seated on the ground with his back against the store glass, and shot him in the head." *State of Tenn. v. Wolfe*, 2009 WL 1025871, at *2 (Tenn. Crim. App. Sept. 28, 2009). Other prosecution witnesses testified that Hawkins, and the two other men with him, were unarmed. Petitioner also shot at one of those two other men, Moore, when Moore came out of the store and turned to speak with petitioner. After petitioner was finished shooting, having fired as many as six shots in all, he got into a car with his girlfriend, who testified that petitioner "threw the gun out the window and that he never said anything about what happened." *Id.*

Under these circumstances, it is highly unlikely that jurors would have found that the killing in this case was not premeditated – even if evidence had been introduced at trial to show that petitioner suffered from PTSD – in light of the prosecution evidence that the killing was committed with a deadly weapon, that the killing was unprovoked, that petitioner shot the unarmed victim in

5

the head after incapacitating him with a shot to the leg, and that petitioner behaved calmly afterwards. *See State v. Gann*, 251 S.W.3d 446, 455 (Tenn. Crim. App. 2007) (noting that premeditation is "an act done after the exercise of reflection and judgment" and listing "the use of a deadly weapon upon an unarmed victim; the particular cruelty of the killing; declarations by the defendant of an intent to kill; evidence of procurement of a weapon; preparations before the killing for concealment of the crime; and calmness immediately after the killing" among the circumstances that may prove it).

For these reasons, the Court agrees with the magistrate judge in concluding that petitioner has failed to demonstrate his actual innocence of the charge of which he was convicted. For the same reasons, petitioner's trial counsel was not ineffective for failing to refer petitioner for a psychological evaluation before trial. Under *Strickland v. Washington*, 466 U.S. 668 (1984), a trial attorney is not required to advance nonmeritorious defenses. Accordingly,

IT IS ORDERED that petitioner's objections are overruled.

IT IS FURTHER ORDERED that Magistrate Judge Holmes' R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal *in forma*

*pauperis* because no appeal in this matter could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has not made a substantial showing that his constitutional rights were violated when his trial attorney failed to have him psychologically evaluated. *See* 28 U.S.C. § 2253(c)(2).

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION

Dated: March 18, 2019
      Detroit, Michigan